IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RUELL GUNNELL,<br><br>Plaintiff,<br><br>vs.<br><br>FANNIE MAE, BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP and, RECONTRUST COMPANY, N.A. BANK OF AMERICA, N.A. and DOES 1-10<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER<br><br><br><br>Case No. 2:11-CV-407 TS |

This matter is before the Court on Plaintiff Ruel Gunnell's Application for Temporary Restraining Order. In his Application, Plaintiff seeks an order stopping a foreclosure sale of his property currently scheduled for May 12, 2011. For the reasons discussed below, the Court will deny Plaintiff's request.

I. FACTUAL BACKGROUND

On July 23, 2003, Plaintiff entered into a loan transaction with America's Wholesale Lender for $322,700. That loan transaction was secured by a Deed of Trust.[1] The Deed of Trust identifies MERS as the beneficiary.[2] The Deed of Trust explains that MERS has the right to foreclose and sell the property.[3]

Plaintiff, at some point, began experiencing financial difficulties and could not keep up with the payments required. Plaintiff then contacted Bank of America in an effort to seek a modification. It is unclear from the Verified Complaint whether Bank of America ever agreed to a modification, but Plaintiff represents that he sent modified payments. The modified payments were not accepted and foreclosure proceedings began.

Plaintiff filed his Complaint on May 4, 2011. Plaintiff brings a number of claims against Defendants, including claims: (1) under 42 U.S.C. §§ 1981, 1982, 1983, and 1988 against ReconTrust; (2) that Utah's non-judicial foreclosure system is unconstitutional; (3) under state RICO law; (4) for injunctive relief; (5) for accounting; (6) under the Fair Debt Collection Practices Act; (7) for declaratory judgment; (8) for slander of title; (9) for quiet title; (10) relating to the Home Affordable Modification Program; (11) for negligence; (12) for infliction of emotional distress; and (13) for breach of contract.

---

[1] Docket No. 1, Ex. A.

[2] *Id*.

[3] *Id*.

Plaintiff has since filed the instant Application for Temporary Restraining Order. In his Application, Plaintiff seeks an *ex parte* temporary restraining order stopping a foreclosure sale currently scheduled for May 12, 2011.

## II. DISCUSSION

A.     EX PARTE TEMPORARY RESTRAINING ORDER

As stated, Plaintiff seeks an *ex parte* temporary restraining order. Fed.R.Civ.P. 65(b) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The Court finds that Plaintiff has failed to meet these requirements. Specifically, Plaintiff has failed to certify in writing any efforts made to give notice and the reasons why it should not be required. Plaintiff's Application for Temporary Restraining Order merely states that "Defendants are being served and have not had a chance to respond to the complaint." The Court finds this statement insufficient under Fed.R.Civ.P. 65(b). Despite this, the Court will consider the merits of Plaintiff's Application.

B.     TEMPORARY RESTRAINING ORDER

The standard for a temporary restraining order is the same as a preliminary injunction.[4] "A preliminary injunction is an extraordinary remedy, and thus the right to relief must be clear and unequivocal."[5] In order for Plaintiff to be entitled to a preliminary injunction, Plaintiff must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.[6]

Having reviewed the contents of Plaintiff's Verified Complaint, the Court finds that he has failed to show a substantial likelihood of success on the merits. Indeed, many of Plaintiff's claims—such as his claim that Defendants lack the authority to foreclose and that his mortgage was "securitized"—are based on theories which have been repeatedly rejected by this Court. As to Plaintiff's other claims, the Court finds that he has failed to show a substantial likelihood of success on the merits of those claims. Therefore, the Court will deny Plaintiff's Application.

III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Application for Temporary Restraining Order (Docket No. 2) is DENIED.

---

[4] *Bachman By and through Bachman v. W. High Sch.*, 900 F.Supp. 248, 250 (D. Utah 1995) *aff'd* 132 F.3d 542 (10th Cir. 1997).

[5] *Nova Health Sys. v. Edmondson*, 460 F.3d 1295, 1298 (10th Cir. 2006).

[6] *General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

DATED   May 11, 2011.

                                      BY THE COURT:

                                      _____
                                      TED STEWART
                                      United States District Judge