IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RUEL GUNNELL,<br><br>Plaintiff,<br><br>vs.<br><br>FANNIE MAE, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br><br>Case No. 2:11-CV-407 TS |

This matter is before the Court on Defendants' Motion to Dismiss. For the reasons discussed below, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted and allowing amendment would be futile. Therefore, the Court will grant the Motion and dismiss this case.

I.  BACKGROUND

On July 23, 2003, Plaintiff executed a deed of trust against real property located in Draper, Utah, securing his payment obligations under a $322,700 note executed the same day. The deed of trust identifies America's Wholesale Lender as the lender, MERS as beneficiary "solely as nominee for Lender and Lender's assigns," and Scott Lundberg as trustee.

On June 9, 2009, MERS recorded a substitution of trustee, naming ReconTrust as successor trustee.  On March 5, 2010, MERS assigned the beneficial interest under the deed of trust to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP.  On March 8, 2010, ReconTrust recorded a notice of default on the property.

Plaintiff filed his Complaint on May 4, 2011.  The parties agreed to stay this matter in an effort to engage in settlement negotiations.  The Court granted the stay on June 27, 2011.

Plaintiff was offered and executed a Home Affordable Modification Agreement on December 16, 2011.  ReconTrust recorded a cancellation of notice of default on June 13, 2012.

On December 27, 2012, Defendants sought to lift the stay.  Plaintiff did not respond and the stay was lifted on January 10, 2013.  That same day, Defendants filed the instant Motion to Dismiss.  To date, Plaintiff has failed to respond.

## II.  STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[1]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[2]  All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3]  But, the court "need not accept . . . conclusory allegations without supporting factual

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[3] *GFF Corp.*, 130 F.3d at 1384.

averments."[4]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]

In considering the adequacy of a plaintiff's allegations in a complaint subject to a motion to dismiss, a district court not only considers the complaint, but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[6]  Thus, "notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, '[a] district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"[7]

Plaintiff is proceeding pro se in this matter.  "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[8]  This means "that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction,

---

[4]*S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[5]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6]*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 & Supp. 2007)).

[7]*Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

[8]*Hall*, 935 F.2d at 1110.

or his unfamiliarity with pleading requirements."[9] "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[10]

### III. DISCUSSION

Plaintiff's Complaint contains thirteen separate causes of action. Those causes of action will be discussed below. However, rather than going through each claim individually, the Court will group those claims that are similar in nature.

A.   NON-JUDICIAL FORECLOSURE

Plaintiff's first and second causes of action challenge the constitutionality of Utah's non-judicial foreclosure statute. As a non-judicial foreclosure has not occurred in this matter and a cancellation of notice of default has been recorded, Plaintiff's claims on this point are moot.[11] Therefore, these claims must be dismissed. Further, the Court finds that Plaintiff has failed to state a claim under 42 U.S.C. §§ 1981, 1982, 1983, and 1988, as set forth in his First Cause of Action.

B.   SECURITIZATION

The bulk of Plaintiff's Complaint, his second through ninth causes of action, involve various claims that have all been rejected by the Utah courts. Plaintiff argues that Defendants lack the authority to foreclose, that his mortgage has been securitized, and that Defendants must

---

[9]*Id*.

[10]*Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999).

[11]*See Evans v. ReconTrust Co., N.A.*, 2:11-CV-547 DAK, 2012 WL 1076267, at *3 (D. Utah Mar. 29, 2012).

show him the note before they can commence foreclosure proceedings. Because no foreclosure has occurred and a cancellation of notice of default has been recorded, many of these claims are moot. The rest have been repeatedly rejected.[12] Therefore, these claims must be dismissed.

C.   HAMP-BASED CLAIMS

Plaintiff's tenth through thirteen causes of action are all based upon the Home Affordable Modification Program ("HAMP"). In his Tenth Cause of Action, Plaintiff alleges that he is a third-party beneficiary of HAMP. Plaintiff's Eleventh Cause of Action alleges that Defendants were negligent in their evaluation of Plaintiff's request for a HAMP modification. In his Twelfth and Thirteenth Causes of Action, Plaintiff brings claims for infliction of emotional distress and breach of contract because Defendants denied his request for a modification under HAMP.

As an initial matter, the Court finds that all of these claims are now moot because Plaintiff has now entered into a Home Affordable Modification Agreement.[13] Therefore, these claims must be dismissed. Even if these claims were not moot, this Court has repeatedly held that there is no private right of action under HAMP and that parties may not bring other claims that merely disguise HAMP-based claims.[14] Moreover, Plaintiff has not alleged allegations sufficient to withstand a motion to dismiss on any of these claims. Therefore, they fail on the merits.

---

[12] *See Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1203-04 (10th Cir. 2011).

[13] *See* Docket No. 18, Ex. 6.

[14] *See Shurtliff v. Wells Fargo Bank, N.A.*, No. 1:10-CV-165 TS, 2010 WL 4609307, at *3 (D. Utah Nov. 5, 2010).

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 18) is GRANTED.  The Clerk of the Court is directed to close this case forthwith.

DATED   February 13, 2013.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge